**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 02-74248 |

**DANNY EUGENE FIELDS and NANCY LUCILLE FIELDS**

**DEBTORS**

| | |
|---|---|
| **PHAEDRA SPRADLIN, TRUSTEE** | **PLAINTIFF** |
| VS. | ADV. NO. 04-7077 |
| **NELLIE FIELDS** | **DEFENDANTS** |
| **ANN FIELDS, ADMINISTRATRIX of the Estate of Vardie Fields** | |

**MEMORANDUM OPINION AND ORDER**

Defendants Ann Fields, Administratrix of the estate of Vardie Fields and Nellie Fields (Defendants) are before the court on the Motion to Set Aside Default Judgment filed on November 30, 2004 (document # 14) and the Motion for an Extension of Time to file an Answer filed on November 22, 2004 (document # 11).

On October 13, 2004 Phaedra Spradlin (Trustee), as trustee of the estate of Danny Eugene Fields and Nancy Lucille Fields (Debtors), filed the complaint initiating this proceeding which sought a determination that the Trustee's interest in the Debtors real property was superior to all others and for permission to sell the subject property free and clear of the interests of any entity other than the estate. A summons was issued on October 18, 2004 and served on October 21, 2004. No answer was timely filed and on November 19, 2004 the court entered an order granting the Plaintiff's motion for default judgment.

On the same day on which Plaintiff's counsel filed the certificate of service of the default judgment, counsel for the Defendants filed his notice of appearance and the above referenced Motion to Extend. An answer to the complaint was filed simultaneously therewith. Some eight days later the Defendants filed the Motion to Set Aside the Default Judgment. Thereafter, Plaintiff filed objections to both motions and the court held hearings on December 21, 2004 (*see* Judge's Minutes of Hearing, documents # 19 & # 20). At the conclusion of the hearings the court directed Defendants' counsel to supplement the record within 20 days with a "stronger response to trustee's objections to include affidavits of counsel and clients as to the

failure to file a timely answer." Plaintiff was allowed five additional days to file a response. The matter was then deemed submitted on the record.

Defendants seek relief from the default judgment under Rule 59 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Grounds for the motion are not succinctly stated, however, Defendants state a "desire to present a meritorious defense." The default judgment was not entered based on the merits of the Trustee's position. The judgment was entered based on the failure of Defendants to file or serve a timely answer to the complaint. The court's findings and conclusions in this regard are not clearly erroneous. *Lucinda Masterton, trustee v. Empire Funding Corp. (In re King),* No. 04-5465 (E.D. Ky. Sept. 1, 2004), unpublished, referencing *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1190-91 (W.D. Mich. 1995).

Defendants also seek relief from the default judgment under Rule 60 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Defendants' motion cites an inability to retain counsel until near the end of the default period and appear to seek relief under FRCP 60(b)(1). This court addressed the issue at hand in a September 2004 unpublished opinion in *Lucinda Masterton, trustee v. Empire Funding Corp. and Homecomings Financial Network, Inc., In re King*, Adversary No. 04-5465.

> Relief from default judgments is normally sought under Rule 60(b)(1), rather than 59(e), of the Federal Rules of Civil Procedure. Accordingly, it is appropriate to review the considerations taken into account in connection with Rule 60(b)(1) motions for relief from default judgments in determining whether vacating the judgment in this case is necessary to prevent manifest injustice.
> 
> Under Rule 60(b), the burden of proof is on the movant: "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." Whether neglect is "excusable" depends on the equities of the case, "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." In the Sixth Circuit, the issues that must be addressed in determining whether to grant relief from an order or judgment under Rule 60(b) are "(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced." These are not factors to be weighed: "It is only when the [movant] can carry this burden [of demonstrating that the order was the result of mistake, inadvertence, surprise, or excusable neglect] that he will be permitted to demonstrate that he can also satisfy the

other two factors: the existence of a meritorious defense and the absence of a substantial prejudice to the plaintiff should relief be granted." (*Citations and footnote omitted*)

The defendant in *King*, as the Defendants in this case, failed to satisfy the threshold requirement of demonstrating that entry of the default judgment was the result of excusable neglect. At the December 21, 2004 hearing, after informing Defendants' counsel that the burden was greater than what had been met thus far, the court directed Defendants to supplement the record with "detailed" affidavits of Defendants and of counsel as to the failure to file a timely answer. In response to the court's directive, Defendants' counsel filed a single, four-paragraph affidavit (document # 24). The supplemental affidavit identifies the cause of the late filing as misinformation provided to counsel from his client. Weeks after his initial conversation with his client and only after counsel began preparation of his clients' response did counsel determine the correct answer deadline.

A demonstration of excusable neglect requires the movant exhibit sound procedures that, at a minimum, guard against such failures. *Id* citing *Vaughan v. Mortgage Lenders Network (In re Bradbury)*, No. 03-8070 (B.A.P. 6th Cir. Apr. 14, 2004). Defendants have failed to provide such a demonstration. Calendaring an answer deadline on the representation of a non-attorney client when the summons, complaint and order for trial are readily available for reference does not support the existence of the required level of safeguards.

Having failed to meet the initial burden, the court need not consider whether Defendants have meritorious defenses or whether prejudice to the Trustee would result if the requested relief were granted.

Based on the foregoing it is hereby ordered Defendants' Motion to Set Aside Default Judgment and Motion for an Extension of time are hereby overruled.

Copies to:
Ryan R. Atkinson, Esq.
Bruce E. Blackburn, Esq.

---

*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, September 16, 2005
(jms)**